**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2545-22

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

HASSAN M. HASSANI,

      Defendant-Appellant.

_____

Submitted July 30, 2024 – Decided October 31, 2024

Before Judges Sumners and Walcott-Henderson.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Accusation No. 08-07-0251.

Jennifer Nicole Sellitti, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).

Yolanda Ciccone, Middlesex County Prosecutor, attorney for the respondent (Nancy A. Hulett, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

In July 2008, defendant Hassan M. Hassani pled guilty to one count of third-degree terroristic threats, N.J.S.A. 2C:12-3(b). At sentencing two months later, the same trial court placed defendant on five years' probation. In addition, the court, concerned about defendant's juvenile delinquency offense four years earlier, ordered defendant to "submit to a mental health evaluation and complete any program of treatment or anger management counselling required by probation." The record does not indicate the result of the evaluation.

Over twelve years after his conviction, in January 2021, defendant filed a post-conviction relief (PCR) petition, claiming ineffective assistance by trial counsel for "failing to request a competency hearing prior to allowing him to enter a guilty plea." Three months after the submission, defendant was hospitalized, where he remained as of the filing of his appeal brief.

Defendant's PCR petition relied upon the expert opinion of Jonathan Slyker, Ph.D., a licensed psychologist and expert in clinical neuropsychology. Dr. Slyker, who evaluated defendant in February 2022, opined, based upon review of defendant's medical records—including "[i]llegible" 2007 health services records and an "incomplete" 2008 sentencing transcript—that defendant "would never have been competent to accept a plea that required him

A-2545-22

to participate in" drug, alcohol, or mental health treatment due to "his gross lack of judgment and insight."

In her written decision, the PCR Judge found defendant's PCR petition time-barred by Rule 3:22-12(a)(1), because it was a first petition filed more than five years after entry of his judgment of conviction and there was no basis to relax the time bar, as he provided no evidence of excusable neglect for his late filing or that a fundamental injustice would result if the merits of his claim were not heard. Despite finding the petition barred, the judge addressed the petition's merits.

Applying the two-prong test established in Strickland v. Washington, 466 U.S. 668, 687 (1984) and State v. Fritz, 105 N.J. 42, 58 (1987), that defendant must establish trial counsel's performance was deficient and the deficiency prejudiced the defendant, the judge determined there was no prima facie evidence of ineffective assistance of counsel in not seeking a competency evaluation of defendant. The judge noted the trial court, which conducted the plea and sentencing hearings, was in the best position to assess defendant's competence. The court had no reason to believe a competency hearing was necessary when it accepted his plea. The judge also found there was nothing in the record indicating defendant was incompetent when he was sentenced, as

shown by his "specific responses" to the trial court's "open-ended questions" two months after his plea. The judge also noted there was no evidence or medical evaluation of defendant's competency until Dr. Slyker evaluated him almost fourteen years after his plea and sentencing. In accordance with State v. Preciose, 129 N.J. 451, 462 (1992), the judge held an evidentiary hearing was not warranted because defendant did not establish a prima facie claim of ineffective assistance of counsel.

Defendant argues before us:

POINT ONE

[DEFENDANT] IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT COUNSEL RENDERED INEFFECTIVE ASSISTANCE BY FAILING TO SECURE A COMPETENCY HEARING.

POINT TWO

THE PCR COURT ERRONEOUSLY RULED THAT [DEFENDANT'S] PETITION WAS TIME-BARRED BECAUSE ANY DELAY IN FILING THE PETITION WAS DUE TO THE DEFENDANT'S EXCUSABLE NEGLECT AND THERE IS A REASONABLE PROBABILITY THAT IF THE DEFENDANT'S FACTUAL ASSERTIONS WERE FOUND TO BE TRUE, ENFORCEMENT OF THE TIME BAR WOULD RESULT IN A FUNDAMENTAL INJUSTICE.

We find insufficient merit in these arguments to warrant extensive discussion in a written opinion, R. 2:11-3(e)(2), and affirm substantially for the reasons set forth by the PCR judge in her well-reasoned written decision. We add the following brief comments.

Dr. Slyker's 2022 report attempts to correlate defendant's current diagnoses with his prior juvenile delinquencies and adolescent behavior to conclude that his anti-social and criminal behavior was the result of longstanding mental illness that trial counsel should have been aware of in 2008. However, this is insufficient. There is nothing in the record showing that defendant was incompetent at the time of his plea and sentencing. Yet, even if defendant was incompetent, he has not established trial counsel should have known and requested a competency hearing.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2545-22